# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>　　　　　Petitioner,<br><br>vs.<br><br><br>MATTHEW CATE, Secretary,<br><br>　　　　　Respondent. | CASE NO. 13cv863-MMA (WVG)<br><br>**ORDER DENYING MOTION AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**;<br><br>[Doc. No. 6]<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL**<br><br>[Doc. No. 7] |

On April 11, 2013, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus for lack of jurisdiction. [*See* Doc. No. 3.] Now, Petitioner requests a certificate of appealability and the appointment of counsel on appeal. [Doc. Nos. 6-7.] The Court declines to issue a certificate of appealability, and denies Petitioner's request for appointment of counsel.

### CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254.  A petitioner may not seek an appeal of a claim arising out of a state court detention unless the petitioner first obtains a certificate of appealability from a district judge or circuit judge under 28 U.S.C. § 2253. Fed. R. App. P. 22(b).  When a petition is, as here, dismissed on procedural grounds, a certificate of

appealability should be granted only if two elements are satisfied: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*. at 485.

As the Court noted in its order dismissing this action, the Court lacks jurisdiction over this matter because neither Petitioner nor the inmates he seeks to proceed on behalf of are confined in the Southern District of California.[1] *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner has not shown that jurists of reason would find anything debatable in the procedural ruling that this Court lacks jurisdiction. Thus, the Court need not decide whether the application states a valid constitutional claim. *See Slack*, 529 U.S. at 485.

Accordingly, the Court **DENIES** Petitioner's motion and **DECLINES** to issue a certificate of appealability in this case. Further, the Court **DENIES** Petitioner's motion for appointment of counsel on appeal.

**IT IS SO ORDERED**.

DATED: May 8, 2013

Hon. Michael M. Anello
United States District Judge

---

[1] The Court's previous order, however, did provide Petitioner the opportunity to proceed in a Court with proper jurisdiction.